IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-00119-H

| | |
|---|---|
| CELLECTIS S.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| PRECISION BIOSCIENCES, INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on Defendant's motion to compel [DE-112] and Plaintiff's response [DE-118]. The Court held a hearing on June 16, 2010, at which counsel for both parties appeared, to further develop the record.

**DISCUSSION**

Plaintiff Cellectis initiated this action on March 13, 2008, alleging infringements of United States Patent No. 7,309,605 and United States Patent No. 6,610,545 (collectively, the "Patents-in-Suit"). Defendant Precision seeks an order compelling Cellectis to produce responsive, non-privileged documents in the possession of Cellectis and two non-parties, Institut Pasteur ("Pasteur") and Universite Pierre et Marie Curie ("Universite"). Specifically, Precision seeks communications between or among Cellectis, Pasteur, Universite, and the named inventors of the Patents-in-Suit, as well as any internal communications of these entities, regarding the Patents-in-Suit and all patents and applications sharing any priority claim with either of the Patents-in-Suit, including foreign counterparts.

Precision contends that these documents have been withheld under improper claims of attorney-client privilege or without any justification. Cellectis responded that Precision's motion

is (1) a collateral attack on Judge Howard's denial of Precision's earlier motion to dismiss; (2) untimely, as fact discovery closed on October 30, 2009, and Precision has had Cellectis's objections since September 2008; (3) unfounded on the merits, in that is seeks to compel responses to overly broad requests for information on unrelated patents; and (4) a fishing expedition seeking information to support a reexamination by the United States Patent and Trademark Office.

The Court is unable to rule on the motion as filed. While Precision has well briefed its general legal arguments, it has failed to provide the Court, *by item*, with the *specific* interrogatories, document requests, and privilege log entries, and any objection made along with the grounds supporting or opposing the objection, upon which it seeks a ruling. This Court's Local Civil Rule 7.1(c) requires such specificity. Furthermore, at the hearing on this motion, Cellectis claimed that it was unaware of the specific privilege log entries that Precision challenges and, therefore, has not been able to fully consider Precision's objections as they apply to each document. The Court concludes that, despite the parties' past discussions, further discussions between the parties are necessary to properly frame these issues for decision by this Court.

## CONCLUSION

Precision's motion to compel [DE-112] is **DENIED** for failure to comply with Local Civil Rule 7.1(c). Precision is granted leave to renew its motion after the parties meet and confer to address the deficiencies noted by the Court. Any renewed motion must comply with the specificity requirements of Local Civil Rule 7.1(c). The parties are excused from filing a memorandum of law with any renewed motion or response and may rely on the legal arguments

presented in their original respective motion and response. The Court has not yet issued its ruling on Precision's motion to stay, which may obviate the need for renewing this motion. Accordingly, in the event the motion to stay is denied, the parties shall have fourteen (14) days from entry of the Court's order denying the stay to meet and confer, and Precision shall have twenty-one (21) days from entry of the Court's order denying the stay to renew its motion, with Cellectis allowed seven (7) days thereafter to respond.

This the 18th day of June, 2010.

_____
DAVID W. DANIEL
United States Magistrate Judge

3

Case 5:08-cv-00119-H   Document 164   Filed 06/18/10   Page 3 of 3