IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-00119-H

| | | |
|---|---|---|
| CELLECTIS S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PRECISION BIOSCIENCES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's motions to seal various documents filed in this case [DE-127, 133 & 171]. No objections to the motions were filed and the time for response has passed. Accordingly, these matters are ripe for review.

Before granting a motion to seal, courts must first give the public notice and a reasonable opportunity to challenge the motion and then examine the public's right to access in conformity with *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir.1988). If the court finds that the public's right to access is outweighed by another significant interest, then the court must consider whether there are less drastic alternatives to sealing. *Id.* In furtherance of this directive from the Court of Appeals, this Court has promulgated local rules and procedures related to the filing of sealed material. *See* Local Civil Rule 79.2 and Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1-7 (Rev. Jan. 25, 2010). Plaintiff's motions do not fully address how the request to seal overcomes the common law or First Amendment presumption to access or the reasons why alternatives to sealing are inadequate, as required by the Court's policies and procedures. *See* Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)1.

Additionally, the presence of a protective order in the case does not absolve the Court of its duty to make the determinations required by *Stone*.[1]

Accordingly, Plaintiff's motions to seal [DE-127, 133 & 171] are **DENIED WITHOUT PREJUDICE**. The documents shall remain **SEALED** for **14 days** in order to allow Plaintiff to file a notice to Defendant or motion to seal in conformity with this order and the local rules and procedures of this Court.

This the 27th day of August, 2010.

DAVID W. DANIEL
United States Magistrate Judge

---

[1] The Court notes that some or all of the documents Plaintiff seeks to have sealed may be documents to which Defendant has assigned a confidentiality designation such that a motion to seal is appropriate under the protective order. However, in such circumstances, the Court's procedures do not require a party to defend an opposing party's materials.

> In the event that a filing party seeks to file materials that have been designated confidential by another party or individual, the filing party shall provisionally file the materials under seal in accordance with Local Civil Rule 79.2 and Local Criminal Rule 55.2, with notice served on the party or individual who desires to maintain the materials under seal.
>
>> The filing party is required to file a notice of filing pursuant to this subsection, in lieu of filing a motion to seal, which must be docketed after the filing of the sealed material and link back to the entry or entries being filed under seal. The filing party need not file a motion to seal or otherwise defend another party or individual's request that the materials remain sealed and the filing of the materials under seal shall not be binding on the court.
>>
>> Within seven (7) days after service of such notice, the party or individual desiring that the materials be maintained under seal shall file a motion to seal and supporting memorandum in accordance with Section T(1)(a)1.

Elec. Case Filing Admin. Policies and Procedures Manual, § T(1)(a)6.